# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**THOMAS L. BURSE,**
        **Appellant,**

    v.                                                          Case No. 13-CV-01200

**STATE OF WISCONSIN,**
        **Appellee.**

## DECISION AND ORDER

Pro se appellant Thomas Burse appeals from a judgment entered by the bankruptcy court in an adversary proceeding finding that the debt appellant owes to appellee, the State of Wisconsin, is non-dischargeable under 11 U.S.C. § 523(a)(2)(A). Before me are several motions from appellant.

Ordinarily, a party appealing an ordered entered by the bankruptcy court must pay a filing fee of $298. 28 U.S.C. § 1930. However, plaintiff has requested leave to proceed in forma pauperis. The bankruptcy court declined to rule on this motion and transferred it to this court for a ruling.

Under 28 U.S.C. § 1915(a)(1), an indigent party may commence "any suit, action or proceeding, civil or criminal, or appeal therein," in a federal court without paying required costs and fees upon submission of an affidavit asserting inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). Section 1915 is meant to ensure indigent litigants meaningful access to the federal courts, *Nietzke v. Williams*, 490 U.S. 319, 324 (1989), and applies to both non-prisoner litigants and to litigants who

are incarcerated, *Floyd v. United States Postal Serv.*, 105 F.3d 274, 275–77 (6th Cir. 1997) ("[T]he only logical interpretation of the statute is that non-prisoners have the option to proceed in forma pauperis under § 1915(a).").

Appellant has filed the required affidavit of indigence. Upon review of this affidavit, I am satisfied that he meets the poverty requirements of 28 U.S.C. § 1915. He supports himself, his spouse and one dependent on an income of $2647 per month and needs $3650 per month to cover fixed expenses. Additionally, appellant has stated the grounds for his appeal and asserted his belief that he is entitled to redress. Therefore, I will grant his motion for leave to proceed in forma pauperis in this court.

Next, appellant moves to stay enforcement of the judgment in the bankruptcy case pending appeal. Federal Rule of Bankruptcy Procedure 8005 governs the granting of a stay pending appeal. It states that a motion for a stay pending appeal "must ordinarily be presented to the bankruptcy judge in the first instance." Fed. R. Bank. P. 8005. Appellant did that in this case, and the bankruptcy court denied the motion. He now renews the motion in this court. Appellee opposed the motion to stay in the bankruptcy court but has since withdrawn its objection. Therefore, I will grant the motion and stay enforcement of the judgment pending the outcome of this appeal. *See* Civil L.R. 7(d) (E.D. Wis.) ("Failure to file a memorandum in opposition to a motion is sufficient cause for the Court to grant the motion.").

Next, appellant moves for the appointment of counsel. Although civil litigants do not have a constitutional or statutory right to counsel, this court has the discretion to request attorneys to represent indigents in appropriate cases pursuant to 28 U.S.C. § 1915(e)(1). *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013); *Ray v. Wexford Health Sources, Inc.*,

706 F.3d 864, 866–67 (7th Cir. 2013). When confronted with a request for counsel, a district court must make the following inquiries: (1) has the indigent party made a reasonable attempt to obtain counsel or been effectively precluded from doing so, and (2) given the difficulty of the case, does the indigent party appear competent to litigate it himself? *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc). With regard to the second inquiry, the court must examine "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 781 F.3d at 696 (citing *Pruitt*, 503 F.3d at 655). This inquiry focuses not only on the litigant's ability to try his case, but also includes other "tasks that normally attend litigation" such as "evidence gathering" and "preparing and responding to motions." *Id.*

In the motion to appoint counsel, appellant does not demonstrate that he has made a reasonable attempt to obtain counsel on his own. Therefore, his request for court-appointed counsel is premature, and I will deny the motion without prejudice. However, if appellant contacts at least three attorneys about taking his case and none does, then he may renew his request for appointed counsel, at which time I will examine whether, given the difficulty of the case, appellant appears competent to litigate it himself.

Finally, appellant requests an expedited ruling on the merits of his appeal. I will deny this motion because I do not see any need for any immediate ruling, especially in light of the fact that I am staying enforcement of the bankruptcy court's ruling. However, I reassure appellant that I have taken his appeal under advisement and will issue a ruling on it in due course. I will rule on appellant's motions asking me to take judicial notice of various facts when ruling on the merits of the appeal.

**THEREFORE, IT IS ORDERED** that appellant's motion for leave to proceed in forma pauperis (Docket #24) is **GRANTED**.

**IT IS FURTHER ORDERED** that appellant's motion for a stay pending appeal (Docket #11) is **GRANTED**.

**IT IS FURTHER ORDERED** that appellant's motion to appoint counsel (Docket #25) is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that appellant's motion for an expedited ruling (Docket #26) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 24th day of June, 2014.

s/ Lynn Adelman
LYNN ADELMAN
District Judge